IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| ERIC M. HASSELL, | : | |
| Plaintiff | : | |
| VS. | : | CIVIL ACTION NO. 3:06-CV-73 (CAR) |
| OCONEE COUNTY JAIL; Deputy Corporal KING; Sheriff SCOTT BERRY; Lieutenant JIM JACKSON, | : | |
| Defendants | : | **ORDER** |

Plaintiff **ERIC M. HASSEL**, formerly a pretrial detainee at the Oconee County Jail in Watkinsville, Georgia, filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff also sought leave to proceed without prepayment of the filing fee or security therefor pursuant to 28 U.S.C. § 1915(a).

It appears that shortly after filing these documents, plaintiff was released from jail. Therefore, the Court requested that plaintiff complete a non-prisoner affidavit in support of his request to proceed *in forma pauperis*. Plaintiff did complete a non-prisoner *in forma pauperis* form and, based on the information provided therein, it appears plaintiff is unable to pay the cost of commencing this action. Therefore, his application to proceed *in forma pauperis* is hereby **GRANTED**.

### *I. STANDARD OF REVIEW*

Pursuant to 28 U.S.C. § 1915(e)(2)(B), a federal court is required to dismiss a complaint against a governmental entity or officer or employee of a governmental entity at any time if the court determines that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S.

319, 325 (1989). A complaint may be dismissed for failure to state a claim on which relief may be granted when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. ***Scheuer v. Rhodes***, 416 U.S. 232 (1974).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege two elements. First, the plaintiff must allege that an act or omission deprived him of a right, privilege or immunity secured by the Constitution of the United States. ***See Wideman v. Shallowford Community Hosp., Inc.***, 826 F.2d 1030, 1032 (11th Cir. 1987). Second, the plaintiff must allege that the act or omission was committed by a person acting under color of state law. ***Id***.

## II. STATEMENT AND ANALYSIS OF PLAINTIFF'S CLAIMS

Plaintiff states that on August 12, 2006, while he was a pretrial detainee, he "walked head first into a low hanging metal camera . . . in the hallway of . . the Oconee County Jail." Plaintiff maintains that this caused a one inch abrasion and a knot on his forehead. According to plaintiff, Corporal King refused to give him Tylenol on August 17 and 20, 2006. Plaintiff states that the medical staff never examined this injury.

Plaintiff's complaint regarding his injuries and lack of medical care must be dismissed as frivolous. The Eleventh Circuit Court of Appeals has held that "in regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the [E]ighth [A]mendment for convicted persons." ***Hamm v. DeKalb County***, 774 F.2d 1567, 1574 (11th Cir.1985). To sustain an Eighth Amendment (or due process clause) claim for deliberate indifference to serious medical needs, a prisoner must show (1) that his medical need is serious and (2) that prison officials acted with deliberate indifference to this serious medical need. ***Wilson v Seiter***, 501 U.S. 294, 297 (1991).

Plaintiff simply has now shown that he had a serious medical need. The Court of Appeals for the Eleventh Circuit has explained as follows:

> In our circuit, a serious medical need is considered "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." . . . In

either of these situations, the medical need must be "one that, if left unattended, poses a substantial risk of serious harm."
***Farrow v. West***, 320 F.3d 1235, 1243 (11th Cir. 2003)(quoting ***Hill v. Dekalb Reg'l Youth Det. Ctr.***, 40 F.3d 1176, 1187 (11th Cir. 1994) and ***Taylor v. Adams***, 221 F.3d 1254, 1258 (11th Cir. 2000)).

The abrasion and bump on plaintiff's head simply are not "serious medical needs" as that term is defined in our circuit. It does not appear that, if left untreated, these injuries "pose[] a substantial risk of serious harm." *Id*. Instead, these are *de minimus* injuries and the medical staff's failure to examine them and prison officials' failure to provide Tylenol to treat them do not rise to the level of constitutional violations.

Additionally, the Court notes that plaintiff has named the Oconee County Jail as a defendant in this action. The Oconee County Jail is not a legal entity that is subject to suit in a § 1983 action. ***Dean v. Barber***, 951 F.2d 1210, 1214 (11th Cir. 1992).

Plaintiff has also named Sheriff Scott Berry as a defendant. However, it does not appear that plaintiff makes any allegations against Sheriff Berry. To the extent that plaintiff is attempting to hold Sheriff Berry liable on the basis of respondeat superior or supervisor liability, it is well-settled that a plaintiff cannot prevail under 42 U.S.C. § 1983 based on a such theories. ***Rogers v. Evans***, 792 F.2d 1052 (11th Cir. 1986); ***H.C. by Hewett v. Jarrard***, 786 F.2d 1080 (11th Cir. 1986). Instead the plaintiff must show that the supervisor personally participated in the alleged constitutional violation or that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation. ***H.C. by Hewett***, 786 F.2d at 1086-87. "The causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so. The deprivations that constitute widespread abuse sufficient to notify supervising officials must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." ***Brown v. Crawford***, 906 F.2d 667, 671 (11th Cir. 1990), ***cert. denied***, 500 U.S. 933 (1991).

Plaintiff does not maintain that Sheriff Scott Berry was personally involved in any of his

alleged constitutional deprivations. Moreover, plaintiff's assertions do not establish the causal connection necessary to hold Sheriff Berry responsible for the plaintiff's alleged constitutional deprivations.

Finally, plaintiff alleges that Lieutenant Jackson denied his grievances when he complained about the "camera placement" and Corporal King's refusal to give him Tylenol. The mere fact that a prison official denies a grievance does not amount to a constitutional violation. In fact, there is no constitutional right to participate in prison grievance procedures at all. *See Wildberger v. Bracknell*, 869 F.2d 1467, 1467-68 (11th Cir. 1989). Therefore, a prison officials' denial of a grievance, without more, is not actionable under § 1983.

### *III. CONCLUSION*

For the reasons explained above, plaintiff's 42 U.S.C. § 1983 action must be **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

**SO ORDERED**, this 13th day of October, 2006.


S/ C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE


lnb